FFROST *v.* BUTLER.

A plea to a writ of entry on a mortgage given to secure the joint and several note of B and C, that the defendant tendered to the plaintiff one half the amount of the note, is bad, unless it contains an allegation that the tender was of the amount due.

WRIT OF ENTRY. The defendant pleaded, that, before the plaintiff's right accrued, he and one C were seized of the demanded premises as tenants in common; that they mortgaged the same to D to secure their joint and several note; that one half of the note was the defendant's debt, and the other half the debt of C; that before this suit was brought, D assigned the mortgage and note to the plaintiffs, and the same is now held by them; that C has been adjudged a bankrupt, and all his real and personal estate, including his interest in the demanded premises, has been assigned; that the assignee has conveyed all the title of C, in the demanded premises, to the plaintiffs; that, Sept. 2, 1875, the defendant tendered to the plaintiffs one half of the principal and interest of the mortgage note, with their costs, which they refused to accept. As to the other half of the demanded premises, there was a disclaimer.

The plaintiff replied, that one half the note was not the debt of C, and the other half was not the debt of the defendant; but the note was their joint debt to D, and tendered an issue to the country. The defendant demurred.

*Wheeler*, for the plaintiff.

*Hobbs* and *Woodman*, for the defendant.

STANLEY, J.   The plea alleges that the note was the joint and several note of the defendant and D, but there is no allegation that the amount tendered was enough to pay the balance due on it.   The debt secured by the mortgage was the joint and several debt of both mortgagors.  Upon the facts alleged in the plea, before either of them could hold his undivided half of the mortgaged premises disencumbered of the mortgage, he must pay or tender the amount actually due on the mortgage debt.  Perhaps under some circumstances the defendant might compel the plaintiff to foreclose the mortgage on the other half, so as to equalize the payment of the debt and the application of the security. How that might be, it is not now necessary to determine.  For want of an allegation that the amount tendered was all there was due on the mortgage debt, the defendant's plea is bad.   The first fault in pleading, then, is the defendant's, and there must be

*Judgment for the plaintiff on the demurrer.*

ALLEN, J., did not sit.